IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SONYA R. BEASLEY, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. _____ |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| KWANZA TRANSPORTATION, and | § | |
| CHARLES V. MUHIA, | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SONYA R. BEASLEY, Plaintiff, complaining of UNION PACIFIC RAILROAD COMPANY, KWANZA TRANSPORTATION, and CHARLES V. MUHIA, hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court, as follows:

### PARTIES
### I.

Plaintiff is a railroad worker and a resident and citizen of the State of Texas. On or about October 13, 2004, Plaintiff was involved in a Locomotive/Vehicle collision. Plaintiff suffered an injury in the occurrence. The collision and resulting injuries were legally caused by other parties.

### II.

Defendant UNION PACIFIC RAILROAD COMPANY, (hereafter UPRR), is a foreign railroad company and was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff was employed by Defendant UPRR to further those activities. The injuries complained of in this Complaint were sustained within the course of

that employment. Service of process may be had upon Defendant UPRR by serving David P. Young, Union Pacific Law Department, 808 Travis, Suite 620, Houston, Texas, 77002.

### III.

Defendant KWANZA TRANSPORTATION, (hereafter KWANZA) is a resident corporation and doing business in the State of Texas and the Southern District of Texas. Service of process may be had upon Defendant KWANZA, at 1815 Old Mill #1905, Arlington, Texas, 76011.

### IV.

Defendant CHARLES MUHIA, (hereafter MUHIA), is an individual residing in the State of Texas and doing business in the Southern District of Texas. Service of process may be had upon Defendant MUHIA at 4001 Mulberry, Garland, Texas, 75043.

### JURISDICTION
### V.

Plaintiff's rights and remedies arise under the Federal Employers' Liability Act (FELA), 45 U.S.C. §51 et seq., and the jurisdiction of this Court is invoked under provisions of said Act.

### VI.

The claim of Plaintiff against KWANZA and MUHIA is so related to Plaintiff's claim against Defendant UPRR for the incident of October 13, 2004 that it forms part of the same case or controversy. As such, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §1367(a).

### VENUE
### VII.

Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

## UNION PACIFIC RAILROAD - FELA NEGLIGENCE
### VIII.

The injury to Plaintiff was due in whole or in part to the negligence of Defendant, UPRR, its agents, servants or employees acting in the course and scope of their employment.

## KWANZA TRANSPORTATION TRUCKING COMPANY - NEGLIGENT ENTRUSTMENT/NEGLIGENCE
### IX.

Defendant KWANZA, acting by and through its agent, servant or employee, Defendant MUHIA, negligently operated the vehicle which was involved in the collision. In the alternative, Defendant KWANZA negligently entrusted the vehicle in question to Defendant MUHIA. The negligence in question of KWANZA, singularly, in combination, or in the alternative was a proximate cause of Plaintiff's injury.

## CHARLES MUHIA - NEGLIGENCE
### X

Defendant MUHIA is an individual resident of the state of Texas. Defendant MUHIA was the driver of the vehicle which was involved in the occurrence in question. The negligence of MUHIA was a proximate cause of the injuries and damages which Plaintiff herein claims.

## DAMAGES
### XI.

As a result of the occurrence of October 13, 2004, Plaintiff has suffered damages as enumerated in Paragraphs XII., XIII., XIV., and XV.

### XII.

Plaintiff suffered an injury to her neck, back, shoulder, right arm and other parts of her body. These injuries are permanent in nature. In all reasonable probability she will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life. Plaintiff would

show that due to the incidents described above she has suffered permanent physical impairment and a loss of life's pleasures.

### XIII.

Because of the nature and the consequences of her injuries, Plaintiff has suffered great physical and mental pain, suffering, and anguish and in all reasonable probability she will continue to suffer in this manner the balance of her natural life.

At the time of the incident complained of, Plaintiff was gainfully employed as a railroad worker. As a result of the negligence of the Defendants, Plaintiff is unable to return to her occupation. Plaintiff has lost wages in the past and will suffer a loss of future earning capacity including wages and benefits.

As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physician's fees, medical supplies, appliances, medicine, hospitalization and nursing services. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of. The charges are reasonable and they were the customary charges made for such services in the area in which they were rendered.

As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will incur future expenses for her medical care and attention.

### PUNITIVE DAMAGES - KWANZA TRANSPORTATION TRUCKING COMPANY
### XIV.

Defendant KWANZA failed to adequately screen, hire, retain, train, instruct, warn and monitor its driver. Defendant is grossly negligent in that its conduct is the product of a conscious disregard for the health and safety of the Plaintiff and others similarly situated. Plaintiff, therefore, seeks punitive damages from Defendant KWANZA.

## PUNITIVE DAMAGES - TRUCK DRIVER
### XV.

Defendant MUHIA was grossly negligent in that his conduct was a product of a conscious disregard for the health and safety of Plaintiff and others similarly situated. Plaintiff, therefore, seeks punitive damages from Defendant MUHIA.

WHEREFORE, Plaintiff requests that Defendants be summoned to appear and answer, and that on final trial, Plaintiff have:

1. Judgment against Defendants, jointly and severally, for a sum well in excess of Seventy-Five Thousand Dollars, exclusive of costs and interest;

2. Post-judgment interest at the legal rate against all Defendants;

3. Pre-judgment interest against Defendants KWANZA TRANSPORTATION and CHARLES MUHIA;

4. Punitive damages against Defendants KWANZA TRANSPORTATION and CHARLES MUHIA;

5. Costs of suit; and

6. Such other and further relief, both at law and in equity, to which Plaintiff may be j justly entitled.

Respectfully submitted,

**PROVOST★UMPHREY, L.L.P.**

_____
ARTHUR SADIN, Attorney in Charge
State Bar No. 17508450

PHYLLIS ROGERS
State Bar No. 00795623
1560 W. Bay Area Blvd., Suite 355
Friendswood, Texas 77546
Telephone: 281-992-1550
Facsimile: 281-461-7754

FRANCIS I. SPAGNOLETTI, Of Counsel
Federal ID No. 5369
State Bar No. 18869600
SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, TX 77002
Telephone: 713-653-5601
Facsimile: 713-653-5656

ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sonya R. Beasley

## DEFENDANTS
Union Pacific Railroad Company
Kwanza Transportation
Charles V. Muhia

(b) County of Residence of First Listed Plaintiff __Harris__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Galveston__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Art Sadin, Attorney in Charge
Provost Umphrey, L.L.P.
1560 West Bay Area Blvd., Suite 355
Friendswood, TX 77546
Ph: 281-992-1550     Fax: 281-461-7754

Attorneys (If Known)

*[Stamp: United States Courts Southern District of Texas FILED FEB 04 2005 Michael N. Milby, Clerk of Court]*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employer's Liability Act (FELA), 45 U.S.C. Sec. 51 et seq. Plaintiff sustained injuries on or about October 13, 2004 as a result of a Locomotive/Vehicle collision, while employed by UPRR

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes    No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 2/4/05
SIGNATURE OF ATTORNEY OF RECORD *[signatures: Art Sadin / Phyllis Rogers]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____