IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SONYA R. BEASLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-083 |
| | § | |
| UNION PACIFIC RAILROAD CO., | § | |
| KWANZA TRANSPORTATION, | § | |
| CHARLES V. MUHIA, AND | § | |
| FLEET EQUIPMENT, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT/CROSS-PLAINTIFF'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXCESSIVE SPEED CLAIMS**

This case arises out of alleged injuries sustained by Plaintiff Sonia R. Beasley ("Plaintiff") in a crossing accident whereby Defendant Union Pacific Railroad Co.'s ("Union Pacific") train collided with a tractor-trailer driven by Defendant Charles Muhia ("Muhia"), who was an agent/contractor for Defendant Kwanza Transportation ("Kwanza"). Now before the Court is Union Pacific's Unopposed Motion for Partial Summary Judgment.

Union Pacific seeks partial summary judgment prohibiting and/or dismissing any claims or defenses of Kwanza, Muhia, and/or Fleet Equipment ("Fleet") that seek to show negligence on the part of Union Pacific due to excessive train speed. Union Pacific has provided undisputed evidence that its train was traveling below the maximum speed set by federal regulations. *See* 49 C.F.R. § 213.9(a). The track where the accident occurred is a Class 2 track with a maximum allowable speed

1

of 25 mph for freight trains.[1]  *See id.*  Union Pacific's evidence demonstrates that the train was traveling at 17 mph as it approached the crossing when the emergency brake was applied.  The Supreme Court has held that federal train speed regulations preempt state negligence claims based on excessive speed where the train is traveling within the maximum speed allowed by federal regulations.  *See CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 674–76, 113 S. Ct. 1732, 123 L. Ed. 2d 287 (1993).  The Court finds that as a matter of law, Union Pacific's train was not traveling at excessive speed at the time of the accident.

Plaintiff's counsel has stipulated that it is not and does not intend to make any claim of negligence against Union Pacific regarding excessive train speed, and Defendants Muhia, Kwanza and Fleet Equipment have informed the Court's case manager that they do not oppose this Motion. There is no factual dispute, and the Parties concede the truth of the matter asserted by Union Pacific. Therefore, the Parties remain free to assert theories of liability against Union Pacific based on anything other than excessive speed.

Union Pacific's Motion is hereby **GRANTED** with respect to any and all claims of excessive speed that have been or may be asserted by any of the other Parties in this cause of action.  Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.  A Final Judgment will be issued in due course.  This Order simply removes this particular issue from the trier of fact.

---

[1] Union Pacific claims that the maximum operating speed is 20 mph, but 49 C.F.R. § 231.9(a) provides that 25 mph is the maximum allowable speed for a Class 2 track.

**IT IS SO ORDERED**.

**DONE** this 11th day of January, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge